UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No. 99-80714-1

vs.                                           HONORABLE PAUL D. BORMAN
                                                HONORABLE STEVEN D. PEPE

ROBERT DOWER

        Defendant.
_____/

REPORT AND RECOMMENDATION

Defendant Robert Dower is a prisoner in the custody of the United States. Defendant is proceeding *pro se*. Defendant moves under 18 U.S.C. § 3582(c) for reconsideration of sentence. Defendant was sentenced to 130 months on December 22, 2000, after pleading guilty to Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a). Defendant's Motion for Reconsideration of Sentence is referred for report and recommendation pursuant to 28 U.S.C. § 636(B)(1)(B). It is recommended that the motion be DENIED.

      I.      **ANALYSIS**

Defendant brings this motion under 18 U.S.C. § 3582(c), which states that a court may not modify a term of imprisonment after it has been imposed except:

> (1) in any case--
>   (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set

> forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that--
> 
>   (i) extraordinary and compelling reasons warrant such a reduction; or
> 
>   (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) [18 USCS § 3559(c)], for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g) [18 USCS § 3142]; and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
> 
>   (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
> 
>   (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(18 U.S.C. § 3582(c)).

In order to have his sentence reconsidered under § 3582(c)(1), the Defendant would have to demonstrate that the Director of the Bureau of Prisons moved for a reduction in the Defendant's terms of imprisonment.  In order to have his sentence reconsidered under § 3582(c)(2), Defendant must show that the Sentencing Commission has lowered the applicable sentencing range.  Defendant makes no argument that the Sentencing Commission has done so nor does he suggest that the Director of the Bureau of Prisons moved for a reduction.  Therefore, Defendant fails to establish a ground for the Court to modify his term of imprisonment.

Regarding Defendant's claim under *United States v. Booker* and *United States v. Fanfan* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), this combined decision does not apply retroactively to cases already final on direct review as Defendant's.  *Humphress v. United*

*States.,* 398 F.3d 855, 857 (6th Cir. 2005). Thus, it provides no basis for granting a § 2255 motion or for reconsideration of a federal sentence under 18 U.S.C. § 3582(c) .

## II.     RECOMMENDATION

For the reasons stated above, IT IS RECOMMENDED that Defendant's motion be DENIED.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service, pursuant to 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: December 12, 2005                           s/STEVEN D. PEPE
Ann Arbor, Michigan                                UNITED STATES MAGISTRATE JUDGE

Certificate of Service

3

I hereby certify that a copy of the above was served upon the attorneys and/or parties of record by electronic means or U. S. Mail on December 12, 2005.

s/William J. Barkholz
Courtroom Deputy Clerk
