UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,                     Criminal Case No. 99-80714

v.

                                           PAUL D. BORMAN

ROBERT DOWER,                      UNITED STATES DISTRICT JUDGE

               Defendant.

_____/

ORDER DENYING DEFENDANT'S MOTION FOR
REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. §3582

      Defendant moves for a sentence reduction pursuant to 18 U.S.C. §3582(c)(2) based on a

Sentencing Guideline amendment which lowered the base offense level as to cocaine base

("crack") offenses, which was made retroactive through U.S.S.G. §1B1.10.

      Defendant's evidence was based upon the Guideline Career Offender provision which

raised his base offense level based on the statutory sentence range without regard to the specific

amount of crack cocaine involved.

      The Career Offender provision mandates a base offense level of 34 and a criminal history

category of VI.  Thus, the crack amendments do not lower Defendant's guideline range, and

Defendant is therefore not eligible for relief under §3582.

      The Sixth Circuit has ruled accordingly in *United States v. Alexander*, 543 F.3d 819, 825

(6th Cir. 2008):

> [t]hese amendments do not help Alexander because the sentencing range applied
> to his case is derived exclusively from the Guidelines' unamended career-
> offender provision set forth in U.S.S.G. §4B1.1(a), not the amended drug-quantity
> table listed at U.S.S.G. §2D1.1.

      Accordingly Defendant's Motion is DENIED.

SO ORDERED.


S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 31, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 31, 2009.


S/Denise Goodine
Case Manager